**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOHNNY L. HANEY | : | Case No. _____ |
| 701 W. Pleasant Street | : | |
| Springfield, OH 45506, | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| CITY OF SPRINGFIELD, OHIO | : | **JURY DEMAND ENDORSED** |
| 76 E. High St. | : | **HEREON** |
| Springfield, OH 45502 | : | |
| | : | |
| and | : | |
| | : | |
| CASSIDY CANTRELL | : | |
| 130 N. Fountain Ave. | : | |
| Springfield, OH 45502, | : | |
| | : | |
| and | : | |
| | : | |
| JUSTIN MASSIE | : | |
| 130 N. Fountain Ave. | : | |
| Springfield, OH 45502, | : | |
| | : | |
| and | : | |
| | : | |
| OHIO DEPARTMENT OF MEDICAID | : | |
| c/o Ohio Tort Recovery Unit | : | |
| 50 E. Town Street, 4th Floor | : | |
| Columbus, Ohio 43215-4173, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Now comes Plaintiff Johnny L. Haney, by and through counsel, and for his Complaint against Defendants to redress violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, and for reasonable attorney's fees under 42 U.S.C. § 1988, states as follows:

## JURISDICTIONAL STATEMENT

1. Subject matter jurisdiction of this court is premised upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights) to redress the deprivation, under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States.

2. Venue is proper in the Southern District of Ohio, Western Division at Dayton, where the violations took place pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Johnny L. Haney ("Plaintiff"), is an individual residing at 701 W. Pleasant Street, Springfield, Clark County, Ohio.

4. Upon information and belief, Defendant Cassidy Cantrell is an individual who was employed, at all times relevant to this Complaint, as a police officer with the City of Springfield, Ohio, in Clark County, Ohio, acting under color of state law, statute, ordinance, regulation, custom or usage in dealing with Johnny L. Haney.

5. Upon information and belief, Defendant Justin Massie is an individual who was employed, at all times relevant to this Complaint, as a police officer with the City of Springfield, Ohio, in Clark County, Ohio, acting under color of state law, statute, ordinance, regulation, custom or usage in dealing with Johnny L. Haney.

6. Defendant City of Springfield, Ohio is a body politic and corporate under the laws of the State of Ohio and the Charter of the City of Springfield, Ohio, and is located within the geographical jurisdiction of the Court.

## FACTS RELEVANT TO ALL CLAIMS

7. Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

8. On or about February 8, 2016, a bench warrant was issued for Plaintiff's arrest by the Clark County Municipal Court in Clark County, Ohio, arising out of Plaintiff's alleged failure to appear before that court.

9. On or about April 24, 2016, Plaintiff was approached by Defendants Cassidy Cantrell and Justin Massie, officers with the Springfield Police Department, in Springfield, Ohio. Defendants Cantrell and Massie arrested Plaintiff on the outstanding warrant and also charged him with obstructing official business.

10. After Plaintiff was arrested, Defendants Massie and Cantrell handcuffed Plaintiff's hands behind his back in accordance with Springfield Police procedure.

11. At no point after he was handcuffed did Plaintiff resist or pose any threat to Defendants Massie and Cantrell or any other officer on scene.

12. Upon information and belief, Defendants Massie and/or Cantrell placed Plaintiff into the back of a police van. Upon information and belief, in order to place Plaintiff into the van Defendants Massie and/or Cantrell improperly lifted up on Plaintiff's hands, which

were handcuffed behind his back, with excessive and unnecessary force, breaking Plaintiff's right wrist.

13. Defendants Massie and Cantrell did not provide any medical assistance or treatment to Plaintiff before he was subsequently transported to the Clark County Jail.

14. Plaintiff was booked into the Clark County Jail on April 24, 2016, at approximately 2130 hours.

15. On April 25, 2016, after Plaintiff's wrist was finally x-rayed and it was determined that he had a displaced fracture through the scaphoid bone, Plaintiff was released from the Clark County Jail.

16. Plaintiff took himself to the Springfield Regional Medical Center on April 25, 2016, after being released from the Clark County Jail.

17. After evaluation at Springfield Regional Medical Center, it was determined that Plaintiff should be transferred to Southview Medical Center in Montgomery County, Ohio for further evaluation and to see a hand specialist.

18. Plaintiff was transferred by ambulance to Southview Medical Center where it was determined that Plaintiff would need surgery to fix his broken wrist.

19. On April 26, 2016, Plaintiff underwent surgery to repair his broken wrist.

## **FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Excessive Use of Force by Defendants Cantrell and Massie)**

20. Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

21. Plaintiff Johnny L. Haney had a constitutional right to be free from the excessive use of force in the context of an arrest and pretrial detention under the Fourth and Fourteenth Amendments to the Constitution of the United States.

22. Defendants Justin Massie and Cassidy Cantrell, while acting under color of state law, deprived Mr. Haney of rights, privileges, and immunities secured by the Constitution and laws of the United Sates, including but not limited to those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Mr. Haney to the unlawful and excessive use of force.

23. Defendants Massie and Cantrell were each acting under color of state law by wearing the uniform of a Springfield Police Department officer, traveling in a marked Springfield Police Department cruiser, and holding themselves out as Ohio peace officers and, specifically, Springfield Police Department officers, during the course of and in the scope of their duties as employees of the City of Springfield Police Department.

24. Defendants Massie and Cantrell further acted under the color of state law by arresting Plaintiff Johnny L. Haney under the authority of an arrest warrant issued by the Clark County Municipal Court, handcuffing him, and loading him into a police vehicle for transport to the Clark County Jail.

25. Defendants Massie and Cantrell used excessive force that was objectively unreasonable by lifting Plaintiff into the police vehicle by means of lifting up on his hands, which were handcuffed behind his back.

26. In carrying out the foregoing wrongful acts, Defendants acted with willful and wanton disregard for the constitutional rights of Mr. Haney, thus justifying the award of punitive damages against those Defendants.

27. The use of excessive force against Plaintiff by Defendants Massie and Cantrell was the direct and proximate cause of injuries suffered by Plaintiff. Specifically, Plaintiff suffered a displaced fracture through the scaphoid bone of the right hand, loss of use, pain and suffering, and other severe and lasting physical and emotional injuries as a result of the actions of the Defendants, all in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Municipal Liability against City of Springfield)**

28. Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

29. Defendant City of Springfield has enacted a policy known as Springfield Police Division Procedure 6.28 ("Springfield Police Procedure 6.28") regarding the "Arrest, Handcuffing, Searches of Persons, Transportation, & Safety," which became effective August 25, 2006, and was in effect at the time of the arrest of Plaintiff Johnny L. Haney on April 24, 2016.

30. Under the terms of the Springfield Police Procedure 6.28 (a true copy of which is attached as Exhibit 1), officers are advised that "many officers have been killed or

6

severely injured by persons being detained for the most minor offenses, even petty traffic violations; therefore, officers should be careful to approach, take into custody and secure the person arrested with extreme caution."

31. Officers are further instructed that they may handcuff any person lawfully in their custody, and officers are advised that handcuffs are "most properly used" by cuffing "the hands behind the back with the palms turned upward/outward."

32. According to Springfield Police Procedure 6.28, "Exceptions to handcuffing persons behind their backs will be allowed for handicapped, ill, or injured prisoners."

33. With respect to transportation of persons in police custody, Springfield Police Procedure 6.28 provides, "Whenever reasonable and practical, arrested persons should be transported in a police van."

34. Upon information and belief, the portion of Springfield police vans in which prisoners are transported is elevated off the ground such that a handcuffed prisoner would require assistance to enter a police van.

35. Although Springfield Police Procedure 6.28 advises merely that officers "may handcuff" persons in custody, upon information and belief the custom of Springfield Police Department officers was, at the time of Plaintiff's arrest on April 24, 2016, to always handcuff arrested individuals.

36. Despite the custom of always handcuffing arrested persons, the requirement to cuff those persons behind their backs, and the usual requirement to transport

7

arrested persons in a police van, Springfield Police Procedure 6.28 makes no provision and gives no instruction for the safe loading of arrested and handcuffed persons into the elevated portion of a police van.

37. Although officers were certain to face the requirement to load persons whose hands were cuffed behind their backs into police vans, there was no guidance or training on how officers were to safely accomplish this without violating their constitutional duty to use only that force reasonably necessary under the circumstances. There was an obvious need to train officers on how to resolve this apparent conflict in their responsibilities, but the City of Springfield failed to provide this training.

38. Alternatively, even if there was not an obvious need to train officers on the safe transportation of handcuffed persons, upon information and belief, a pattern of constitutional violations became apparent to the City of Springfield, and the City failed to implement training needed to remedy those constitutional violations.

39. As a direct and proximate result of the policy and customs described above, Plaintiff's constitutional right to be free from the excessive use of force was violated. By carrying out the requirements of Springfield Police Procedure 6.28, Defendants Massie and Cantrell arrested Plaintiff, handcuffed him behind his back, and then used excessive and unreasonable force against him by lifting him by his cuffed hands into a police van for transport to jail.

40. As a result of this constitutional violation, Plaintiff suffered a displaced fracture through the scaphoid bone of the right hand, loss of use, pain and suffering, and other

severe and lasting physical and emotional injuries as a result of the actions of the Defendants, all in violation of 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
### (Medicaid Subrogation/Reimbursement)

41. Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

42. Upon information and belief, Defendant Ohio Department of Medicaid paid on behalf of Plaintiff certain medical expenses for treatment of injuries that it claims are related to the subject matter of this Complaint.

43. As a result, Defendant Ohio Department of Medicaid may have an interest in the within action as the result of a subrogation claim.

44. Defendant Ohio Department of Medicaid is being joined in this action to defend and protect any claim of subrogation that it may have.

### CLAIM FOR PUNITIVE DAMAGES

45. Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

46. The conduct of the Defendants Massie, Cantrell, and the City of Springfield as pleaded herein was undertaken with malicious intent, intentionally, willfully, wantonly, recklessly, and with a substantial disregard for the safety for Plaintiff and for his constitutional rights, which conduct was substantially certain to result in harm to Plaintiff.

47. Plaintiff is thus entitled to an award of punitive damages for Defendants' wrongful conduct as pleaded herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.      Compensatory damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00);

B.      Punitive damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00);

C.      Reasonable attorney's fees and the costs of this action, including prejudgment interest and post-judgment interest; and

D.      Such other and further relief that this Court may deem just and proper and to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

/s Bradley D. Anderson
Bradley D. Anderson (0061325)
Kevin M. Darnell (0095952)
RION, RION & RION, L.P.A., INC.
130 W. Second St., Suite 2150
Dayton, OH 45402
Phone: (937) 223-9133
Fax: (937) 223-7540
banderson@rionlaw.com
kdarnell@rionlaw.com

Attorneys for Plaintiff Johnny L. Haney

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

/s Bradley D. Anderson
Bradley D. Anderson (0061325)